UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARCY HARPER,

Plaintiff,

v.

EKINIM, LVN,

Defendant.

No.  2:25-cv-2603 DAD CSK P

ORDER

Plaintiff is a former state prisoner, proceeding without counsel.  Two matters are pending, which this Court addresses seriatim.

I.      MOTION TO COMPEL DISCOVERY

A.  Background

On April 10, 2026, defendant filed a motion to compel plaintiff's responses to interrogatories.  (ECF No. 11.)  Plaintiff did not file an opposition, and on June 11, 2026, after plaintiff was granted an extension of time on May 20, 2026, this Court recommended that this action be dismissed based on plaintiff's failure to prosecute this action.  (ECF Nos. 12, 13.)  On June 24, 2026, plaintiff filed an untimely opposition to the motion to compel, claiming defendant sought to compel documents, and plaintiff mailed documents plaintiff felt were "pertinent in this matter."  (ECF No. 14 at 1.)  Plaintiff states that defendant seeks more than plaintiff has, and defendant has more access to some of the documents than plaintiff.  (Id.)  Plaintiff also asks that

1

defendant "produce discovery and all documents pertaining to this matter in hard copy." (Id.)  In reply, defendant objects that the motion to compel sought a response to one interrogatory asking plaintiff to identify any and all grievances concerning the allegations pled in the complaint.  (ECF No. 15 at 1.)  Defendant states that a few days before the findings and recommendations issued, plaintiff mailed defendant a package of unorganized documents.  (Id.)  Along with the documents plaintiff provided a cover page that states:

> Plaintiff wishes to object to the statement that the Plaintiff did not stop and seek help at Nurse Ekinims [sic] office and furthermore, Plaintiff does realize that all documents were submitted to the Appeals office. Plaintiff was hospitalized while incarcerated, several documents were misappropriated. I write these things under penalty of perjury and they are true and correct to the best of my knowledge.

(ECF No. 15 at 8.)  On June 19, 2026, defendant wrote to plaintiff and advised that the package of documents was not responsive to the interrogatories, and therefore defendant would not be withdrawing his pending motion to compel discovery.  (Id. at 2.)  Defendant notes that in plaintiff's opposition, plaintiff claims he is trying to obtain additional evidence at this time.  (Id. at 3 (citing ECF No. 14).)

B.  Discussion

In light of plaintiff's response, the findings and recommendations are vacated.  As argued by defendant, his discovery request did not seek production of documents, but rather sought responses to interrogatories:

> INTEROGATORY NO. 1:  Identify all GRIEVANCE(S) which YOU submitted concerning the allegations at issue in YOUR complaint against DEFENDANT by providing the log number for the grievance and the date YOU submitted the GRIEVANCE.

(ECF No. 11 at 12.)  The interrogatory was served on plaintiff on February 3, 2026.  (Id. at 2.)  Thus, plaintiff's recent mailing is unresponsive.  Plaintiff's pro se status does not excuse him from responding to discovery requests.  See American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000) (pro se litigants are expected to know and comply with the rules of civil procedure).  Lack of a lawyer does not excuse intentional noncompliance with discovery rules and court orders.  See Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th

2

Cir. 2000) (per curiam) (affirming sanction of dismissal and holding that "[a] pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery"). In addition, "[r]esponses to written discovery requests shall be due forty-five days after the request is served." (ECF No. 10 at 4.) Thus, plaintiff's response was also untimely.

Courts have frequently applied a good cause standard to determine whether to excuse any waiver of objections to interrogatories under Rule 33. Homesite Ins. Co. of the Midwest v. Howell, 2022 WL 17403215, at *2 (W.D. Wash. Dec. 2, 2022) (same good cause exception applies to both responses to interrogatories under Rule 33 and responses to requests for production under Rule 34).

Plaintiff's responses to the interrogatories were due on March 20, 2026. (ECF No. 11 at 7.) Plaintiff has failed to show good cause for his failure to timely respond to the interrogatories.[1] Therefore, the Court finds that plaintiff has waived any objections to the interrogatories and grants defendant's motion to compel responses. (ECF No. 11.) Plaintiff shall respond to the interrogatories within 21 days from the date of this order. In the event plaintiff does not comply, defendant may move for sanctions, including terminating sanctions.

II.   MOTION TO AMEND SCHEDULING ORDER

A. Background

Defendant seeks to stay the pretrial motions deadline pending resolution of the outstanding discovery responses and the motion to compel responses to interrogatories. (ECF No. 16.) Defendant contacted plaintiff, who is not opposed to staying the pretrial motions deadline and expressed an interest in discussing settlement. (Id. at 6.) Defendant argues that staying the pretrial motions deadline would allow the parties to explore potential settlement. (Id.)

B. Governing Standards

"The district court is given broad discretion in supervising the pretrial phase of litigation."

---

[1] In his opposition, plaintiff also asks that the "defense produce discovery and all documents pertaining to this matter in hard copy." (ECF No. 14.) Plaintiff is advised that his request is improper; discovery requests are propounded to the parties, not to the court. In addition, the deadline for propounding discovery in this action has passed. (ECF No. 10 at 5.)

3

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted).  Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

C.  Discussion

Defendant has provided good cause to stay the pretrial motions deadline.  Because the Court is granting the motion to compel discovery by this order, the pretrial motions deadline is stayed for sixty days to permit plaintiff time to respond to the interrogatories and for the parties to discuss settlement.

III.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  The findings and recommendations (ECF No. 13) are vacated.

2.  Defendant's motion to compel (ECF No. 11) is GRANTED.

3.  Plaintiff shall respond to the request for interrogatories within 21 days from the date of this order.  Plaintiff is cautioned that failure to timely respond may result in an order imposing sanctions, including, but not limited to, a recommendation that this action be dismissed.

4.  Defendant's motion to amend the scheduling order (ECF No. 16) is GRANTED.

5.  The pretrial motions deadline is stayed for sixty days from the date of this order.  In all other respects, the discovery and scheduling order (ECF No. 10) remains in effect.

Dated:  July 6, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/harp2603.mtc.16b

4